**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GLENN LESTER ROBINSON,       )
                                      )    Civil Action No. 2: 13-cv-0499
       Petitioner,          )
                                        )    Senior United States District Judge
v.                                    )    Maurice B. Cohill, Jr.
                                        )
TABB BICKELL and THE ATTORNEY    )    United States Magistrate Judge
GENERAL OF THE STATE OF         )    Cynthia Reed Eddy
PENNSYLVANIA,                     )
       Respondents.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by

Petitioner, Glenn Lester Robinson, pursuant to 28 U.S.C. § 2254 be denied and that a certificate

of appealability likewise be denied.

## II.    REPORT

### A.    Relevant Factual and Procedural History

Petitioner, Glenn Lester Robinson ("Petitioner" or "Robinson") is in prison as the result

of his 2007 convictions for robbery, kidnapping, unlawful restraint, and criminal conspiracy. In

its opinion affirming the denial of post-conviction relief, the Pennsylvania Superior Court

recounted the facts leading to Robinson's convictions as follows:

> This matter arises out of [Robinson's] arrest for his participation in a
> robbery[,] which occurred on June 18, 2006. At trial, which commenced on
> January 3, 2007, the Commonwealth called Tyrone Cohen ["Cohen"][,] who
> testified that in the early morning hours [of] June 18, 2006, he was walking from
> a friend's home in the Homewood Section of the City of Pittsburgh when he
> noticed a man walking in front of him. Cohen was suspicious because it was very
> early in the morning and there was no one else around. As he continued to walk,
> another man came from behind and put what was felt to be a gun to his back. At
> that point, the man walking in front of Cohen immediately turned around and

1

came back to Cohen and the other assailant. Cohen testified that the man behind him holding the gun at his back said, "Do you know what this is?" which Cohen understood to mean that he was being robbed. Within three minutes[,] a gold minivan pulled up and [] Cohen was ordered into the van in the back seat between the two assailants. Cohen testified that he heard neither of the assailants make a call or any other type of communication before the van appeared. When Cohen entered the van, there were already two individuals inside, the driver, who was later identified as [Robinson], and a female passenger in the front seat.

The assailants told Cohen to keep looking forward and indicated that if Cohen looked at them they would shoot him in the back. At that point, Cohen was able to glance down and see the barrel of the gun pointed at him. Cohen testified that [Robinson] asked the two assailants, "Where are we going?" and one of the assailants said "Drive." At that point[,] the van proceeded toward Frankstown Avenue and then pulled into a gas station at which time one of the assailants got out of the car. Cohen was told that if [he] tried to run or do anything stupid, they would shoot him. After getting gas, the van left the gas station and proceeded to Maryland Avenue at which point the van stopped. Cohen was pushed out of the van and his cell phone, laptop, wedding ring and wallet were taken. Cohen was struck in the back with the gun and told to lie down and face the other way or he would be shot, then the van drove off. Cohen testified that he was in the van for ten or fifteen minutes.

After the van left the scene[,] Cohen hid in the bushes for a few minutes to make sure the van did not return. He then went back to his uncle's house and called the police. Cohen gave a description of the van to the police[,] who later stopped a van fitting the description being operated by [Robinson]. Cohen was taken to the scene and identified [Robinson] as the driver of the van during the robbery.

*Commonwealth v. Robinson*, No. 980 WA 2007 (Superior Court slip op. at 1-2 (June 30, 2008) (quoting from Trial Court slip opinion at 2-3 (July 17, 2007)).

On January 3, 2007, after a bench trial before the Honorable Randal B. Todd, Robinson was convicted as charged. His co-defendant, Renee Nelson, who was charged with the same crimes, was acquitted. During trial and on direct appeal, Robinson was represented by Michael Worgul, Esquire, of the Allegheny County Office of Conflict Counsel.

On April 4, 2007, the court sentenced Robinson to the following sentence: Count 1 (robbery) – 100 to 200 months incarceration; Count 2 (kidnapping) – 72 to 144 months

incarceration to run concurrent to Count 1; Count 3 (unlawful restraint) – 12 to 24 months incarceration to run concurrent to Count 1; and, Count 4 (conspiracy) – 60 to 120 months incarceration to run concurrent to Count 1. Robinson, through Attorney Worgul, filed a post-trial motion arguing that the evidence presented at trial was insufficient as a matter of law to convict him of the crimes charged and the verdict was against the weight of the evidence. Judge Todd denied the motion on April 17, 2007.

On May 17, 2007, through Attorney Worgul, Robinson filed a timely Notice of Appeal. On appeal, Robinson raised the following single claim:

> There was insufficient evidence to support the verdict of guilty as to Criminal Conspiracy, Kidnapping, Unlawful Restraint, and Robbery against the defendant and therefore the Commonwealth failed to overcome his presumption of innocence.

Brief for Appellant (ECF No. 12-2 at 10). The Superior Court, by order dated June 30, 2008, affirmed the judgment of sentence. *Commonwealth v. Robinson*, No. 980 WA 2007, slip op. (Pa. Super. June 30, 2008) (ECF No. 12-2 at 39 – 44). The Pennsylvania Supreme Court denied further review. *Commonwealth v. Robinson,* No. 356 WAL 2008, slip op. (Pa. Nov. 5, 2008) (ECF No. 12-5 at 1). Robinson did not seek a writ of certiorari from the Supreme Court of the United States.

On March 31, 2009, Robinson filed a pro se petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 – 9546, raising the following four claims:

> (1) trial counsel was ineffective for failing to impeach witnesses with prior inconsistent statements,

> (2) trial counsel was ineffective for exploiting defendant's prior convictions on direct examination,

(3) trial counsel was ineffective for failing to raise and preserve the issue that the evidence was insufficient to support the conviction, and

(4) trial counsel was ineffective for referring to a gun in the Brief for Appellant to the Superior Court so that defendant's judgment of sentence would get affirmed.

(ECF No. 12-5, at 2 – 10).

On April 14, 2009, the PCRA court (who was the trial judge who presided over Robinson's criminal trial and sentencing) appointed Charles Pass, III, Esquire ("Pass"), to represent Robinson. Pass subsequently filed a motion to withdraw on May 26, 2009, along with a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc), and their progeny. Pass reviewed each of the claims raised in the PCRA motion and surmised that Robinson was not entitled to post-conviction relief as no meritorious claim for post-conviction relief existed.[1]

By Order of May 28, 2009, the PCRA court granted Pass permission to withdraw his appearance. The court also informed Robinson that he needed to notify the court within thirty days of how he intended to proceed or the trial court would assume he was proceeding pro se, and that he could file a supplemental petition and/or brief within forty-five days. On June 11, 2009, Robinson filed a response in which he raised, *inter alia*, "a claim that counsel was ineffective for failing to challenge the sufficiency of the evidence and in particular the

---

[1]    Pass did find that an arguable meritorious claim existed in that the sentencing court erred in imposing a separate sentence on the convictions for kidnapping and unlawful restraint as those offenses merge for sentencing purposes. With that said, counsel also stated the claim was moot because as of June 19, 2008, the shorter sentence imposed on the unlawful restraint conviction had expired, there was no credit applied to the unlawful restraint conviction which had not been applied to the longer kidnapping sentence, and there were no collateral consequences to Robinson which would have resulted from the expired sentence. *See* Brief in Support of Motion for Leave to Withdraw, at 17 (ECF No. 12-5).

sufficiency of the evidence regarding the charge of conspiracy." Order of Court, May 3, 2010 (ECF No. 12-7).

In accordance with Pennsylvania Rule of Criminal Procedure 907, the PCRA court issued a dismissal notice on January 20, 2010. On May 3, 2010, the PCRA court entered its final order dismissing the PCRA petition without a hearing.

On May 12, 2010, Robinson filed a pro se Notice of Appeal to the Superior Court, which he amended on May 15, 2010. On May 19, 2010, the PCRA court appointed William E. Brennan, Esquire, as counsel to represent Robinson on his PCRA appeal. Through counsel, Robinson filed a Concise Statement of Matters Complained of on Appeal. On January 18, 2011, the PCRA court issued an Opinion in which it found that Robinson's PCRA petition was appropriately dismissed. *Commonwealth v. Robinson*, No. CC200609424, slip op (Jan. 18, 2011) (ECF No. 12-7 at 48).

On appeal, Attorney Brennan winnowed the claims down to two issues, as follows:

1.    Mr. Robinson was denied his Federal and State Constitutional Right to Confrontation when the Commonwealth failed to disclose to the defense through the discovery process the fact that the alleged victim, Tyron Cohen, had a pending charge of Access Device Fraud at the time he testified at trial on January 3, 2007. Alternatively, counsel who represented Mr. Robinson in his trial and appellate proceedings, was ineffective for failing to investigate and cross-examine the alleged victim with regard to the pending charges against him; and counsel who represented him in the Post-Conviction Proceedings, was ineffective for not raising either of these issues in an Amended PCRA Petition.

2.    PCRA Counsel was ineffective for filing a Turner/Finley Letter where there existed an issue of merit, specifically, that counsel who represented Mr. Robinson on Direct Appeal and at Trial was ineffective for failing to raise and preserve the issue that the weight of the evidence was so contrary to the verdict rendered that it shocks one's sense of justice.

ECF No. 12-8, Exh. 19, at 13.

The Superior Court, by order dated September 23, 2011, affirmed the denial of PCRA relief, finding that Robinson's claims pertaining to PCRA counsel's ineffectiveness were waived as none had been raised either in the PCRA petition, nor were they raised by Robinson, after PCRA counsel was permitted to withdraw, in a response to the PCRA court's Rule 907 notice. Robinson, through Attorney Brennan, then filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which denied it by Order dated May 31, 2012. *Commonwealth v. Robinson,* No. 565 WAL 2011, slip op. (Pa. May 31, 2012) (ECF No. 12-11 at 38).

On April 8, 2013, Robinson initiated the present proceedings in this Court by filing a pro se petition for writ of habeas corpus. He raises the following five claims for relief:

CLAIM ONE: Sufficiency of Evidence. Supporting facts: The Commonwealth did not introduce any direct, affirmative, or factual evidence to conclude that the petitioner entered into the necessary prior agreement to commit the crimes for which he was charged and convicted. Rather, the Commonwealth rested its case by drawing an unreasonable inference that, as the driver of the minivan I which the victim was transported, the petitioner had to know what was going on, and as such he must have entered into the prior agreement to commit criminal conspiracy.

CLAIM TWO: Trial Counsel ineffectiveness for failing to impeach the witness with prior inconsistent statements. Supporting facts: During the trial there were numerous times when the victim testified differently from his initial testimony at the Preliminary Hearing. These inconsistencies were not just some minute details but major statements that conflicted with the victim's prior testimony. The Petitioner's Trial Counsel made no solid attempt to impeach this witnesses testimony and lead the finder of fact to discredit all or part of the witness' testimony.

CLAIM THREE: Petitioner was denied his Federal and State Constitutional right to confrontation. Supporting facts: The Commonwealth failed to disclose to the defense through the discovery process the fact that the alleged victim had a pending charge at the time he testified at trial. Alternatively, counsel who represented the petitioner in his trial and appellate proceedings, was ineffective for failing to investigate and cross-examine the alleged victim with regard to the pending charges against him.

CLAIM FOUR: Counsel who represented the petitioner in his Post Conviction Proceedings was ineffective for filing a Turner / Finley Letter where there existed issues of merit. Supporting Facts: Initial PCRA proceedings counsel was ineffective for not raising either of the claims pertaining to the petitioner's federal and state constitutional

right to confrontation as well as the issue pertaining to the fact that counsel who represented the petitioner on Direct Appeal and at trial was ineffective for failing to raise and present the issue that the Weight of the Evidence was so contrary to the verdict rendered that it shocks one's sense of justice.

CLAIM FIVE: Trial counsel ineffectiveness for failing to do a proper and thorough investigation and relying only on the prosecutor's file. Supporting facts: The Petitioner repeatedly informed counsel that he made a stop at a local gas station and during this time period everyone got out of the van except for the alleged victim and the one female passenger. Petitioner asked trial counsel to obtain the surveillance footage from this gas station in order to show that what the victim had said was untrue and that he had an ample opportunity to flee from the alleged robbery when the petitioner and the two real perpetrators left the van and entered the store. Trial counsel failed to do this as well as any other type of independent investigation as to what actual took place.

Respondents filed an Answer (ECF No. 12), in which they contend that Claims 1, 2, and 5 are unexhausted, and that all five claims are procedurally defaulted and that Robinson cannot overcome procedural default. Robinson filed a Reply in which he argues "that there is a 'cause' for the default and 'prejudice' therefrom as well as an overall 'fundamental miscarriage of justice'." Reply at 1 (ECF No. 19).

**B.  Standard of Review**

1.  28 U.S.C. § 2254

Robinson's Petition is governed by the federal habeas statute applicable to state prisoners. 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Robinson's convictions were obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Accordingly, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

AEDPA provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court of the United States has stressed the "highly deferential" review that this Court must accord the state court's decision under § 2254(d):

> We have explained that "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 392, 410 (2000).   Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.   Rather, that application must be "objectively unreasonable."   *Id*. at 409.   This distinction creates "a substantially higher threshold" for obtaining relief than de novo review.   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).   AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy,* 521 U.S. 320, 333 n.7 (1997), and "demands that state-court decisions be given the benefit of the doubt."   *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

*Renico v. Lett*, 599 U.S. 766, 773 (2010).

Even more pointedly, the Supreme Court elaborated:

> If this standard is difficult to meet, that is because it was meant to be.   As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.   It goes no further.

*Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Our Court of Appeals has made clear that "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998). Put simply, "habeas proceedings are not the appropriate forum for [a prisoner] to pursue claims of error at the PCRA proceeding . . . . It is the original trial that is the 'main event' for habeas purposes." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004).

2.      Threshold Requirements Under 28 U.S.C.§ 2254

a.      Timeliness

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under AEDPA's one-year limitations period for section 2254 petitions. 28 U.S.C. § 2244(d). Respondents concede that all of Robinson's claims are timely under AEDPA's statute of limitations and, as a result, the court recommends that the claims be treated as such.

b.      Exhaustion

Next, this Court must address the threshold question of whether Robinson exhausted the "remedies available [to him] in the courts of the State." 28 U.S.C. § 2254(c). It is well settled that a state prisoner must exhaust all of his claims by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991);

*Rose v. Lundy*, 455 U.S. 509, 517 (1982). The burden is on the habeas petitioner to establish that he has presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *See Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir 2002) (quoting *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992)). In Pennsylvania, this requirement generally means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then to the Superior Court either on direct or PCRA appeal. *See, e.g., Lambert,* 387 F.3d at 233-34.[2] This Court can deny an unexhausted claim on the merits only if the claim is without merit.

In *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), the United State Supreme Court held that federal courts should not reach an alleged violation of federal law on habeas review if the state court's decision rests on an independent and adequate state ground.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

"The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 562 U.S. 307 (2011). The doctrine applies whether the default occurred at trial, on appeal, or during collateral proceedings. *Edward v. Carpenter*, 529 U.S. 446, 451 (2000).

---

[2]    Even if a state court refuses to consider the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address the claim. *Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007).

c.     Procedural Default

As the United States Court of Appeals for the Third Circuit explained in *Rolan v. Coleman*:

> Procedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue, *see Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001); or when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule, *see McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

*Rolan*, 680 F.3d 311, 317 (3d Cir. 2012). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730.

A petitioner may avoid procedural default from barring review of his habeas claim if he shows both "cause and actual prejudice." *Engle v. Isaac*, 456 U.S. 107, 129 (1982). A habeas petitioner may nonetheless obtain review of his claim despite procedural default without showing cause and actual prejudice if he can demonstrate a "miscarriage of justice." The petitioner must present evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo,* 513 U.S. 298, 316 (1995); *see also Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). This exception, however, only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* There is no question that the instant case is not the type of extraordinary case in which a petitioner can over the default of his claims by way of the miscarriage of justice exception.

Lastly, if a petitioner has committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the procedurally defaulted claim with prejudice. *See, e.g.*, *Wainwright v. Sykes*, 433 U.S. 72 (1977).

### C.    Discussion of Petitioner's Claims

As stated above, Robinson has raised five claims in his federal habeas petition. The claims will be addressed seriatim.

### 1.    Claim 1 – insufficiency of the evidence

Petitioner contends that the Commonwealth introduced insufficient evidence to support the verdict of guilt on the offense of criminal conspiracy. The Commonwealth contends that this claim is unexhausted because "Petitioner failed to present this claim's factual and legal substance to the state court in a manner that put them on notice that a federal claim was being asserted." Resp's Br. at 15.

A petitioner can "fairly present" his claim through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999)). A challenge to the sufficiency of the evidence does express a federal constitutional claim. *See Robertson v. Klem*, 580 F.3d 159, 16 (3d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 321 (1979) ("it is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim" and that "it follows that such a claim is cognizable in a federal habeas

corpus proceedings."). *See also Fiore v. White*, 531 U.S. 225, 228-29 (2001) (per curiam) ("we have held that the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt.") Thus, Robinson fairly presented his insufficiency of the evidence claim to the Pennsylvania Superior Court on direct appeal and he, therefore, has satisfied the exhaustion requirement. Because the claim was raised on direct appeal and the Superior Court denied it on the merits, Claim 1 is governed by AEDPA's standard of review.

The "clearly established Federal law," 28 U.S.C. § 2254(d)(1), in which to analyze Claim 1 is set forth in *Jackson v. Virginia,* 443 U.S. 307 (1979). Evidence is sufficient to support a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original).

In rejecting this claim, the PCRA court, whose adjudication was adopted in full by the Superior Court, applied the Pennsylvania equivalent of the *Jackson* standard. *Evans v. Court of Common Pleas, Delaware Cnty.*, 959 F.2d 1227, 1233 (3d Cir. 1992) (the test for insufficiency of the evidence is the same under both Pennsylvania and federal law). Robinson has not shown that the decision of the state court was contrary to clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d); *Williams,* 529 U.S. at 406. Therefore, the only remaining question for this Court to decide is whether the decision of the state court was an "unreasonable application" of *Jackson*. The United States Supreme Court has made clear that:

> *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury … to decide what conclusions should be drawn from

evidence admitted at trial. A reviewing court may set aside the [trial court's] verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the [trial court]." *Cavazos v. Smith*, 565 U.S. 1, __ (2011) (*per curiam*) (slip op., at 1). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. __, __ (2010) (slip op., at 5)).

- - -

[T]he only question under *Jackson* is whether [the state court's] finding was so insupportable as to fall below the threshold of bare rationality. The state court of last review did not think so, and that determination in turn is entitled to considerable deference under AEDPA, 28 U.S.C. § 2254(d).

*Coleman*, 132 S. Ct. at 2062, 2065.

Robinson insists that "[t]he Commonwealth failed to present sufficient evidence at trial that petitioner entered into the necessary prior agreement to commit the crimes for which he was charged and convicted." Reply at 1 (ECF No. 19). After summarizing the law of criminal conspiracy, the Superior Court found as follows:

In its Opinion, the trial court summarized the law regarding the crime of conspiracy and the evidence presented by the Commonwealth. Trial Court Opinion, 7/17/07, at 6-9. The trial court concluded that the evidence was sufficient to sustain Robinson's conviction on each count based upon his liability as a co-conspirator. Id. at 9. The record supports the trial court's determination and we discern no error in this regard. We therefore affirm on the basis of the trial court's Opinion with regard to this claim. See id. at 6-9.

*Robinson*, No. 980 WA 2007, 6/30/2008, slip. op. at 5. The Court finds that Robinson fails to carry his burden to demonstrate that the Superior Court's disposition of his claim of insufficiency of the evidence constituted an unreasonable application of *Jackson*. 28 U.S.C. § 2254(d).

Robinson cannot accept that he was convicted even though he testified in his own defense that he was a jitney driver, that he had never seen the two men who robbed the victim until they entered his van on the night in question, and that he did not know that a robbery was taking place until after the men asked him to stop the van, forced the victim out of the van, and then took his

belongings. But, as the state court held, there was sufficient evidence introduced at his trial to convict him as an accomplice, and that makes him as responsible for the crimes of conspiracy, robbery, kidnapping, and unlawful restraint as are the two unidentified principal actors.

For these reasons, the Court finds that the state court's adjudication of Robinson's claim did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d). Accordingly, because Robinson's claim of insufficiency of the evidence does not warrant habeas relief, it is recommended that Claim 1 be denied on the merits.

2.    Claim 2 – ineffective assistance of trial counsel

Robinson claims that trial counsel was ineffective because he did not impeach the victim's trial testimony with prior inconsistent statements he made at Robinson's preliminary hearing. This claim was not presented on direct or PCRA appeal, so the claim is procedurally defaulted. Robinson, relying on *Martinez v. Ryan*, -- U.S. --, 132 S. Ct. 1309 (2012), contends that it was the ineffectiveness of his PCRA counsel that caused the default on this issue.

For claims of ineffective assistance of trial counsel not preserved and thus defaulted on collateral review, *Martinez* provides a possible means for establishing cause to excuse the default. *Martinez*, 132 S. Ct. at 1315. As stated by Justice Kennedy in the majority opinion:

> when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding,[3] a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised,

---

[3]    Pennsylvania requires claims of ineffective assistance of trial counsel to be raised in an initial-review collateral proceeding like a PCRA proceeding. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002) (claims of ineffective counsel should be raised on collateral review).

was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id*. at 1318 (emphasis added). The Court noted that its holding "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id*. at 1320. "Initial-review collateral proceedings" are those "which provide the first occasion to raise a claim of ineffective assistance at trial." *Id*. at 1315. In this case, the initial-review collateral proceeding was that before the PCRA court.

To prevail on his ineffectiveness claim, Robinson "must show counsel's performance was deficient," that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Robinson must also demonstrate that he was prejudiced by the deficient performance to the point of being deprived of a fair trial. *Id*. To establish this, Robinson must show that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id*. at 694. Absent establishing these two prongs, "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The Court finds that even if a procedural default does not bar federal habeas review, Robinson cannot prevail on his ineffectiveness claim under *Strickland*, and therefore has no basis for a claim pursuant to *Martinez*. As stated by PCRA counsel in his no merit letter, trial counsel was not ineffective for failing to impeach the victim with certain prior inconsistent statements, as the danger in such cross-examination is that the victim may repeat unfavorable testimony or

provide an explanation which is unfavorable to the defense. Moreover, a review of the record reflects that counsel for Robinson's co-defendant conducted a detailed cross-examination of the victim, whereby counsel thoroughly cross examined the victim on his prior inconsistent statements made at the preliminary hearing. There was no need for Robinson's counsel to cross examine the victim on the same exact points. Robinson's trial counsel did conduct cross examination, but focused on Robinson's interaction with the victim to obtain some, if any, exculpatory testimony from the victim. Robinson fails to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy." *Strickland,* 466 U.S. at 689. A prisoner cannot be excused from default if the underlying ineffectiveness claim is insubstantial, lacks merit or factual support, or the attorney on collateral review did not perform below constitutional standards. *Martinez,* 132 S. Ct. at 1319.

Accordingly, it is recommended that Claim 2 be dismissed as Robinson has failed to demonstrate both that "counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the errors. As such, he cannot meet the requirements of *Martinez* and *Strickland* to overcome his procedural default.

     3.     <u>Claim 3 – ineffective assistance of trial and appellate counsel</u>

In his third claim, Robinson alleges that he was denied his federal and state constitutional right to confrontation when the Commonwealth failed to disclose to the defense through the discovery process that the victim had a pending charge (access device fraud) at the time the victim testified at trial. Further, Robinson maintains that both trial and appellate counsel provided ineffective assistance by failing to investigate, and cross-examine the victim with regard to these pending charges. This claim was raised to the Superior Court but deemed waived

because it was not raised in either the PCRA petition or in the response filed by Robinson to the PCRA court's Rule 907 notice. Superior Court slip opinion, 9/23/2011 (ECF No. 12-9 at 42).

Robinson again contends that PCRA counsel was ineffective for failing to raise this issue on PCRA review. This claim must fail because Robinson cannot demonstrate that he meets either the cause or prejudice prongs of *Strickland*.

Although not binding on this Court, the PCRA court addressed this issue and noted as follows:

> [T]here is no requirement that this information was required to be disclosed by the Commonwealth pursuant to Pa.R.Crim.P. 573, especially when the information was equally available to Petitioner or his counsel. In addition, any probative value of this information is hard to discern when the robbery and Petitioner's arrest occurred on June 18, 2006, approximately six months before the criminal information was filed against the victim. At trial, the victim simply testified regarding the facts that he had reported to the police months before his own alleged criminal conduct. In addition, at the time of Petitioner's trial, the victim had not been convicted or plead guilty to the charges against him. Finally, the credibility of the victim was not the most persuasive evidence against Petitioner at his trial. . . . The evidence as a whole was more than sufficient to convict Petitioner and any attack on the credibility of the victim by attempting to cross examine the victim about a pending criminal charge that occurred months after Petitioner's arrest would have had no effect on the outcome of the proceedings.

Trial Court slip opinion, 10-11(1/18/2011).

The Court finds that Robinson's claims of ineffectiveness of counsel are without merit. There is nothing in the record to suggest that trial counsel's performance was deficient or that Robinson was prejudiced in any way by the alleged errors. Further, Robinson's appellate counsel was not ineffective for failing to pursue this meritless claim. Accordingly, it is recommended that Claim 3 be dismissed as Robinson cannot meet the requirements of *Martinez* and *Strickland* to overcome his procedural default.

4. <u>Claim 4 – ineffective assistance of PCRA and appellate counsel</u>

In Claim 4, Robinson contends that PCRA counsel (Attorney Pass) was ineffective for filing a Turner / Finley Letter when there existed meritorious issues. Robinson did not have a federal constitutional right to counsel during his PCRA proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and for that reason, this claim is not cognizable on habeas review. *See Coleman*, 501 U.S. at 752-53. ("There is no constitutional right to an attorney in state post-conviction proceedings . . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Wainwright v. Toma*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance.)"). In fact, the federal habeas statute expressly states that a claim of collateral counsel's ineffectiveness is not cognizable in a federal habeas action. 28 U.S.C. § 2254(i) ("[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254.").

Moreover, Attorney Pass was charged with exercising his professional judgment in deciding whether Robinson had any colorable claim for PCRA relief. He also had an obligation under Rule 3.1 of Pennsylvania's Rules of Professional Conduct not to raise frivolous claims. *See, e.g., Commonwealth v. Chmiel*, 30 A.3d 111, 1190 – 91 (Pa. 2011). But even more importantly, Pass was permitted to withdraw as Robinson's PCRA attorney and Robinson did not object or inform the court that Pass did not accurately present to it the claims Robinson wished to raise. It is worth pointing out that since Attorney Pass filed a Turner / Finley no merit letter and was permitted to withdraw as Robinson's counsel, Robinson proceeded pro se in his PCRA proceeding and he cannot blame Attorney Pass for his lack of success on any of his PCRA claims.

Petitioner also contends that Appellate Counsel was ineffective for failing to raise and preserve a weight of the evidence claim. This claim fails for two reasons  First, Robinson did not exhaust this claim.  Because he did not, this claim is procedurally defaulted.  Second, *Martinez* applies only to ineffective-assistance-of-trial-counsel claims.   132 S. Ct. at 1315-18, 1319.  Therefore, Robinson cannot rely on that decision to overcome the default of this claim.  Further, even if the claim was exhausted, this Court could not grant habeas relief  because  to determine whether counsel was deficient.  This Court would be required to assess the credibility of the evidence presented at trial, and state court credibility findings may not be redetermined on habeas review.  *See Marshall v. Lonberger,* 459 U.S. 422, 434 (1983).   Therefore, a claim alleging the evidence was against the weight of the evidence is not a cognizable  claim under § 2254.

 Based upon all of the above, it is recommended that Claim 4 be denied as it is not a cognizable habeas claim.

5.      Claim 5 – ineffective assistance of trial counsel

In his fifth and final claim, Robinson alleges that trial counsel was ineffective for failing to conduct a proper investigation and solely relied on the prosecutor's file.   Specifically, Robinson maintains that trial counsel should have obtained the surveillance footage from the gas station in order to show that the victim's recollection of events was false and that the victim had ample opportunity to flee from the vehicle.  As with his other claims, Robinson contends that it was the ineffectiveness of his PCRA counsel that caused his default on this issue.  The Court finds this claim to be entirely without merit.

First, this claim is procedurally defaulted, having never been raised in state court. Second, Robinson fails to establish that trial counsel did not investigate the circumstances or that the gas station surveillance tape even existed. Robinson argues that the surveillance tape would have shown that he stopped for gas, and while at the gas station, the perpetrators got out of the vehicle and went inside the gas station, thus providing the victim with an opportunity to flee. Robinson fails to acknowledge, however, that the victim testified at trial that the perpetrators went inside the gas station but that he could not get out of the vehicle while at the gas station because these perpetrators told him that "if I tried to run or do something stupid they will shoot me." Transcript of Non-Jury Proceedings, January 3, 2007, at p,. 20, Line 3.

There is nothing in the record to suggest that trial counsel's performance was deficient or that Robinson was prejudiced in any way by the alleged errors. Accordingly, it is recommended that Claim 5 be dismissed as Robinson cannot meet the requirements of *Martinez* and *Strickland* to overcome his procedural default.

### Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Applying those standards here, the Court concludes that jurists of reason would not find it debatable whether each of Robinson's claims should be denied. Accordingly, a certificate of appealability should be denied.

### Conclusion

For all of the above reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and dismissed with prejudice. All of the claims raised are either procedurally defaulted and without merit, or have been fully and correctly adjudicated by the state courts. There is no probable cause to issue a certificate of appealability.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: November 4, 2015

cc:    GLENN LESTER ROBINSON
HB-4527
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112
(via U.S. First Class Mail)

Cory J. Schuster
Office of the District Attorney of Allegheny County
(via ECF electronic notification)


Kelly D. Tomasic
Office of the District Attorney of Allegheny County
(via ECF electronic notification)